SEALED

AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 3 2019

CLERK, U.S. DISTRICT COURT
By_____ 2kc
         Deputy

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe*<br>*the object or property to be used for tracking)*<br>a silver two door 1999 Porsche, bearing Texas<br>License Plate (CFH 4711) | ) ) ) ) ) ) Case No. 3:19-MJ-004 BK |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

a silver two door 1999 Porsche, bearing Texas License Plate (CFH 4711)

☑ Delayed notice of __90__ days (give exact ending date if more than 30 days: __04/03/2019__) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

John Van Ness, Task Force Officer (DEA)
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: 1/3/19

City and state: Dallas, Texas

_____
*Judge's signature*

Magistrate Judge Renée Harris Toliver
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN THE MATTER OF: | § |
| THE APPLICATION | § |
| OF THE UNITED STATES OF AMERICA | § |
| FOR A WARRANT AUTHORIZING THE | §   No. |
| INSTALLATION AND MONITORING OF | § |
| A TRACKING DEVICE IN OR ON A | § |
| (1) RED 2014 CADILLAC CTS, | § |
| BEARING TX LICENSE PLATE KMB 4687 | § |
| (2) SILVER 1999 PORSCHE 2 DOOR | § |
| BEARING TX LICENSE PLATE CFH 4711 | § |
| (3) GRAY 2016 MERCEDES SUV | § |
| BEARING TX LICENSE PLATE LDN 6115 | § |
| (1) WHITE 2017 MERCEDES SUV | § |
| BEARING TX LICENSE PLATE HZD 7962 | § |

## APPLICATION AND AFFIDAVIT IN SUPPORT
## OF WARRANT FOR TRACKING DEVICE

I, John Van Ness, a Task Force Officer with the U.S. Drug Enforcement Administration (Tactical Diversion Squad), being duly sworn, depose and state:

Upon information and belief, a red two door, 2014 Cadillac CTS, bearing Texas License Plate number (KMB 4687) (**Target Vehicle 1**), a silver two door 1999 Porsche, bearing Texas License Plate (CFH 4711) (**Target Vehicle 2**), a gray 2016 Mercedes SUV bearing Texas License Plate (LDN 6115) (**Target Vehicle 3**) and a white Mercedes SUV bearing Texas License Plate (HZD 7962) (**Target Vehicle 4**) (collectively the target vehicles) are being used in furtherance of Distribution and Possession With Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) ).

**Affidavit – Page 1**

I further state that there is probable cause to believe that the installation of a tracking device in or on the target vehicles, and use of the tracking device, will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

The source of information and the grounds for this belief are as follows:

1. I am employed as an Investigator with the Benbrook Police Department and I am sworn as a Task Force Officer with the U.S. Drug Enforcement Administration in Fort Worth, Texas. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, who is authorized by law to conduct investigations and make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been assigned as a Narcotics Investigator for over seven years. I have been assigned as a Task Force Officer with the Drug Enforcement Administration (DEA), Fort Worth, Texas from 2015 to present. I have previously investigated violations of Title 21, United States Code, Section 841(a)(1); Title 21, United States Code, Section 846; Title 21, United States Code, Section 848; Title 21, United States Code, Section 843(b); and Title 18, United States Code, Section 1956.

3. Based on my training and experience relating to the investigation of drug traffickers, and based upon interviews that I have conducted with other officers, defendants, informants, witnesses and participants in drug trafficking activity, I am familiar

with the ways that drug traffickers conduct their business. My familiarity includes the various means and methods by which drug traffickers import and distribute drugs, their use of cellular telephones, their use of vehicles, and their use of numerical codes and code words to conduct drug transactions. I am also familiar with the ways that drug traffickers conceal, convert, transmit and transport their drug proceeds, including, but not limited to, the use of couriers and vehicles to transport currency and proceeds, and the use of third parties to purchase or hold title to assets.

4. During May of 2017, members of the Drug Enforcement Administration (Tactical Diversion Squad) began working an investigation into two medical doctors in the Northern District of Texas by the name of Leovares Mendez and Cesar Pena-Rodriguez. Investigators received information that both doctors owned and operated a medical clinic (Cumbre Medical Center) at 710 E. Centerville Rd, Dallas County, Garland, Texas. Investigators learned that both doctors were said to be prescribing controlled substances for no legitimate medical purpose and outside the scope of professional practice.

5. DEA investigators began undercover operations on the medical clinic by inserting undercover agents into the clinic, posing as patients of both Dr. Leovares Mendez and Dr. Cesar Pena-Rodriguez. A total of twelve (12) undercover operations involving five (5) undercover agents were performed between May of 2017 and March of 2018. On every occasion, undercover agents were able to obtain prescriptions for controlled substances for no legitimate medical purpose and outside the scope of professional practice.

6. I learned through investigation from law enforcement databases that Dr. Cesar Pena-Rodriguez resides at 7311 Maplecrest Drive, Dallas, Texas and he owns and drives a red two door 2014 Cadillac CTS bearing Texas License Plate (KMB 4687) (**Target Vehicle 1**) and a silver two door 1999 Porsche bearing Texas License Plate (CFH 4711) (**Target Vehicle 2**).

7. DEA investigators performed surveillance on Pena at his home and his medical office on multiple occasions. I, and other investigators, observed Pena on multiple occasions, as recently as November and December of 2018, driving **Target Vehicle 1** and **Target Vehicle 2**.

8. I obtained a copy of the driver's license from the Texas Department of Public Safety for Cesar Pena-Rodriguez. The address listed on the license is 7311 Maplecrest Drive, Dallas, Texas. The vehicle registration on both vehicles shows that **Target Vehicle 1** and **Target Vehicle 2** are registered to Cesar B. Pena-Rodriguez at 7311 Maplecrest Drive, Dallas, Texas.

9. I obtained a copy of a driver's license from the Texas Department of Public Safety for Leovares Antonio Mendez which verifies that he resides at 7117 Covewood Drive, Garland, Texas.

10. I have learned through investigation that Judith Guerrero Perdomo appears to be an employee (and/or owner) at the Cumbre Medical Center and the Silueta Medical Spa, both located on Centerville Street in Garland, Texas. Judith Guerrero Perdomo and

**Affidavit – Page 4**

Leovares Mendez appear to be in a relationship, however, marriage records cannot be found at this time. Both Mendez and Guerrero Perdomo live at 7117 Covewood Drive.

11. I learned through investigation from law enforcement databases that Judith M. Guerrero Perdomo resides at 7117 Covewood Dr, Dallas, Texas and she is the registered owner of a 2016 gray Mercedes SUV bearing Texas License Plate (LDN6115) (**Target Vehicle 3**).

12. I obtained a copy of a driver's license from the Texas Department of Public Safety for Judith M. Guerrero Perdomo to verify her identity.

13. I learned through investigation that Guerrero Perdomo and Mendez previously purchased a car together in October of 2015. Both of their names were on the title. I believe, based on this investigation, that Mendez and Guerrero Perdomo alternate and share their vehicles. For example, on November 6, 2018, I observed Mendez leaving Cumbre Medical Center driving the 2016 gray Mercedes (TX LP LDN 6115) (**Target Vehicle 3**).

14. I learned through investigation from law enforcement databases that Leovares Antonio Mendez is the registered owner of a 2017 white Mercedes SUV bearing Texas License Plate (HZD 7962) (**Target Vehicle 4**). The registered address for that vehicle is at 7117 Covewood Dr, Dallas, Texas. Investigators observed Mendez driving this vehicle on multiple occasions between November and December of 2018.

15. I have on many occasions attempted to follow both doctors in their vehicles

**Affidavit – Page 5**

to identify how and where their cash proceeds are taken. I have attempted to verify if the proceeds are taken directly home, directly to a bank, or some other unknown location. Both doctors utilize multiple banks and both doctors drive high performance vehicles. Mendez, and especially Pena, tend to drive at high speeds making surveillance difficult, unsafe, and at times almost impossible. A tracking device will assist investigators in performing surveillance, at a distance, and in a safer environment for law enforcement, the suspects and the general public.

16. I know through investigation that Pena has communicated with at least one patient/co-conspirator outside the normal doctor/patient relationship regarding illegal drug trafficking. I believe both doctors are meeting/communicating with patient/co-conspirators outside the office environment to further their drug trafficking activities. I seek to confirm when and where these meetings/communications are taking place.

17. Investigators were able to install trackers on **Vehicle 2** and **Vehicle 3** beginning in late November of 2018 for a period of 45 days. Tracker surveillance on many of those days, due to the holidays and what appear to be vacations, were not as fruitful as was anticipated, as it appears both doctors spent time out of town leaving their vehicles home or at the airport.

18. I have learned through tracker surveillance and trash pulls, that Dr. Mendez made a bank deposit of $15,000 ($7000 of that being cash) at a Bank of Texas on 11-20-2018. That information helped confirm that cash proceeds are being stored at Dr. Mendez'

home prior to being deposited at a bank.

19. I have learned through tracker surveillance that Dr. Mendez utilized a Bank of America on 12-10-2018. Investigators had no knowledge of this specific bank being utilized prior to tracker installation and tracker surveillance. Continued tracker surveillance is expected to assist investigators in identifying other banks or businesses used to store and/or launder cash proceeds.

20. I have identified through tracker surveillance, multiple different addresses, both residential and commercial, in the Garland and surrounding areas that were visited by both Pena and Mendez over the past 45 days. Investigators believe some of those addresses may be involved in narcotics trafficking and/or diversion of controlled substances. Those addresses are being further investigated at this time.

21. Affiant and other DEA investigators have confirmed that both Pena and Mendez are selling prescriptions for cash for no legitimate medical purpose. During the undercover transactions, and on every occasion, undercover officers paid cash in exchange for prescriptions used to obtain controlled substance prescriptions pills. Physicians who act in this manner lose their protection under CFR 1306.04, essentially making them illegal drug dealers with DEA registrations or drug dealers disguised as doctors in lab coats. Affiant knows drug dealers secrete their cash in various ways to include, safes, banks, personal residences, hidden locations such as storage units or stash houses or with co-conspirators. Affiant requests the assistance of the tracking device to locate where the

illegal cash proceeds are stored.

22. In conclusion, I believe that Cesar Pena-Rodriguez is involved with the distribution of controlled substances outside the scope of professional practice and for no legitimate medical purpose and that he utilizes **Target Vehicle 1** and **Target Vehicle 2** in the furtherance of distribution of controlled substances without a legitimate medical purpose and outside the scope of professional practice. Furthermore, I believe that the installation of a tracking device in or on the above described vehicle, and use of the tracking device, will lead to additional evidence, fruits, and instrumentalities of the aforementioned crimes.

23. I believe that Leovares Mendez and his spouse/common law spouse, Judith M. Guerrero Perdomo, are involved with the distribution of controlled substances outside the scope of professional practice and for no legitimate medical purpose and that they utilize **Target Vehicle 3** and **Target Vehicle 4** in the furtherance of distribution of controlled substances without a legitimate medical purpose and outside the scope of professional practice.

24. Furthermore, I believe that the installation of a tracking device in or on the above described vehicles, and use of the tracking device, will lead to additional evidence, fruits, and instrumentalities of the aforementioned crimes.

25. In order to track the movement of the target vehicles effectively and to decrease the chance of detection, I seek to place a tracking device in or on the target

vehicles. Because the target vehicles may be found parked on a private driveway or on other private property, it may be necessary to enter onto private property and/or move the target vehicles in order to effect the installation, repair, replacement, and removal of the tracking device. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation and removal of the tracking devices during both daytime and nighttime hours.

26. In the event that the Court grants this application, there will be periodic monitoring of the tracking devices during both daytime and nighttime hours for a period of 45 days or less following installation of the device. The tracking devices may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

27. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I request that the warrant delay notification of the execution of the warrant for a period not to exceed 90 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation.

WHEREFORE, I respectfully requests that the Court issue a warrant authorizing members of the Drug Enforcement Administration, or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in or on the target vehicles within

Affidavit – Page 9

the Northern District of Texas within 10 calendar days of the issuance of the requested warrant, and to remove said tracking device from the target vehicles after the use of the tracking device has ended; to surreptitiously enter inside the target vehicles and/or move the target vehicles to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device, for a period of 45 days or less following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Northern District of Texas.

_____
John Van Ness, Affiant
Task Force Officer
Drug Enforcement Administration

Sworn to before me this 3rd day of January, 2019 at 11:25 a.m./p.m. in Dallas, Texas.

RENEE HARRIS TOLIVER
United States Magistrate Judge

Affidavit – Page 10